**In the Matter of Kenneth T. ROBERTS.**

**No. 49S00–9807–DI–410.**

Supreme Court of Indiana.

March 21, 2002.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Findings:** The respondent, who practices in Indianapolis, settled an employment discrimination case on behalf of his client for $1,500 in 1987 without client authorization. After the client could not be located, the respondent cashed the settlement check, made payable to the client and the respondent, by endorsing it "Kenneth T. Roberts Attorney for Nathaniel Ray." He deposited the proceeds into a non-trust account containing his personal funds and used the client's money for other purposes. When the client reappeared nine years later, the respondent charged him more than initially agreed and provided no written summary of the settlement distribution. On other occasions, the respondent co-mingled client and personal funds.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.2(a), which requires lawyers abide by a client's decision regarding settlement; Prof.Cond.R. 1.5(a), which prohibits attorneys from charging an unreasonable fee; Prof. Cond.R. 1.5(c), which requires that lawyers provide a written settlement summary, showing the remittance to the client and the method of its determination; Prof. Cond.R. 1.15(a), which requires lawyers maintain client funds separate from lawyer funds; Prof.Cond.R. 1.15(b), which requires lawyers deliver to the client promptly any funds the client is entitled to receive; and Prof.Cond.R. 8.4(b), which prohibits lawyers from committing criminal acts which reflect adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of thirty (30) days, with automatic reinstatement. That suspension shall be stayed fully if the respondent successfully completes within six months of the date of this order a trust account management course approved by the Disciplinary Commission. The respondent shall provide evidence of his completion of the course to the Disciplinary Commission and to the Division of State Court Administration within seven days after completion. If the respondent does not provide evidence of his completion of the trust account management course as required by this order, the suspension shall begin seven months after the date of this order. If a satisfactory course is not available during the six months following this order, the respondent shall petition the court for an extension of time in which to complete the course and shall name the course in which he plans to participate.

Costs of this proceeding are assessed against the respondent.

The Clerk is directed to send copies of this order to the hearing officer, the Honorable James K. Coachys; the Disciplinary Commission; the respondent or his attorney; and all entities specified in Ind. Professional Conduct Rule 23(3)(d).

All Justices concur.